### H. FRENCH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—748.]

**Res Gestae.**

The declarations of the participants in an act which accompany it and serve to explain or qualify it are admissible in testimony as a part of the res gestae, but the statement of a bystander is inadmissible.

**Hearsay Evidence.**

At the trial of one charged with burglary, a woman who was in the house entered by the burglar was permitted to testify that her son, who was not used as a witness, when he saw the burglar in the house said to him, "What are you doing here, Henry French" (the same French on trial); and it was held to be error because the son's statement was mere hearsay, coming from the mother and was not a part of the res gestae.

APPEAL FROM HARDIN CIRCUIT COURT.

April 1, 1886.

OPINION BY JUDGE HOLT:

Upon the trial of the appellant, Henry French, upon the charge of burglary, alleged to have been committed by breaking into the dwelling-house of Nancy Roberts, she was permitted to testify that her son, Hiram Roberts, who was not introduced as a witness, when he saw the intruder in the house said to him, "What are you doing here, Henry French?" The identity of the person was in issue. The witness was allowed to make the above statement after testifying that she had recognized him by the aid of the firelight and the moonlight, and it was of course corroborative of her testimony. Her daughter was the only other witness who testified that the appellant was the person who was in the house. Both were contradicted by evidence showing that they had stated otherwise shortly after the occurrence.

There is no doubt but what the evidence as to the statement of the son was influential with the jury. It is urged that it was competent as a part of the res gestae. The declarations of the participants in an act, and which accompany it and serve to explain or qualify it, are admissible in testimony. They are likely to be the best obtainable evidence as to an equivocal act or the real intent. What is said by a participant during a transaction is a part of it and not hearsay. The statement of a bystander, however, is inadmissible. If his opinion be competent it must be put in evidence by calling him as a witness. His narrative as a mere witness of a transaction can not be received as a part of the res gestae.

In this instance the testimony of the witness as to what her son said was merely in corroboration of her own evidence. Suppose she were the only witness for the state; and had been unable to identify the appellant as the person who was in her house. Will it be contended that her evidence as to what her son said would have been competent or would have authorized a conviction?

Wharton in his book on criminal evidence in speaking of res gestae says: "The question is, Is the evidence offered that of the event speaking through participants, or that of observers speaking about the event. In the first case that what was thus said can be intro-

duced without calling those who said it; in the second case they must be called. * * * But the comments and criticisms of observers can not be introduced as res gestae. Such persons must be called in court and examined as to what they saw. Their statements made at the time are hearsay." Wharton Crim. Evid., §§ 262-3.

As the case for the reason indicated must be returned, it is proper to add that the lower court correctly refused to permit the appellant to prove what he said after he had not only been charged with but arrested for the offense.

Judgment *reversed* and cause remanded with directions to grant a new trial to appellant.

*H. T. Wilson, for appellant.*

*P. W. Hardin, for appellee.*